Timothy B. DeSieno
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

-and-

Sabin Willett
Christopher L. Carter
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
(617) 951-8000

*Counsel to ARAG-A Limited, ARAG-O Limited, ARAG-T Limited, ARAG-V Limited, Yellow Crane Holdings, L.L.C., MCHA Holdings, LLC, Honero Fund I, LLC, Red Pines LLC, Procella Holdings, L.P., Trinity Investments Limited, and Spinnaker Global Emerging Markets Fund, Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ARAG-A Limited, ARAG-O Limited, ARAG-T Limited, ARAG-V Limited, Yellow Crane Holdings, L.L.C., MCHA Holdings, LLC, Honero Fund I, LLC, Red Pines LLC, Procella Holdings, L.P., Trinity Investments Limited, and Spinnaker Global Emerging Markets Fund, Ltd. | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. _____ |
| v. | : | |
| The Republic of Argentina, | : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiffs ARAG-A Limited ("ARAG-A"), ARAG-O Limited ("ARAG-O"), ARAG-T Limited ("ARAG-T"), ARAG-V Limited ("ARAG-V"), Yellow Crane Holdings, L.L.C. ("Yellow Crane"), MCHA Holdings, LLC ("MCHA"), Honero Fund I, LLC ("Honero"), Red Pines LLC ("Red Pines"), Procella Holdings, L.P. ("Procella"), Trinity Investments Limited ("Trinity"), and Spinnaker Global Emerging Markets Fund, Ltd. ("SGEMF") as and for their Complaint against Defendant The Republic of Argentina (the "Republic"),[1] allege as follows:

## SUMMARY OF COMPLAINT

1.      This complaint is brought by holders of various notes issued by the Republic.

2.      Each of Counts One to Nineteen prays for damages for nonpayment of the notes.  For their relief, Plaintiffs seek payment of the principal amount of the notes, together with all accrued and unpaid interest, legal fees and other charges, as provided for in the relevant note instruments.

3.      In light of numerous violations by the Republic of its "equal treatment" obligations under the note instruments ("Equal Treatment" provisions), each of Counts Twenty to Thirty-Eight seeks an order for injunctive relief in respect of the Republic's breaches of its obligations under the Equal Treatment provisions, which provide to the holder of notes

---

[1] Ten of the eleven plaintiffs in this action are also plaintiffs in *Red Pines LLC., et. al. v. The Republic of Argentina*, No. 14-09427 (TPG), an action in which they seek similar relief on different holdings of English-law-governed notes than are involved in this case.  Because a motion to amend is already pending in *Red Pines*, Plaintiffs have commenced this new action.  Upon resolution of the motions to amend and for partial summary judgment pending in *Red Pines*, Plaintiffs expect to seek to consolidate this action with *Red Pines* pursuant to Fed. R. Civ. P. 42(a).

thereunder the right of equal treatment in rank and priority of payment with respect to defined categories of unsecured and unsubordinated external indebtedness. As holders of certain notes issued by the Republic, the Plaintiffs are entitled to protections afforded under the Equal Treatment provisions. In its 2005 Bond Exchange, 2010 Bond Exchange and BONAR 2024 Offerings (each as defined below), the Republic issued additional bonds with payment obligations that effectively rank higher than those issued under the Plaintiffs' note instruments. The Republic's issuance of these bonds, facilitated by certain legislation described below, and its payment of semi-annual interest payments to the holders of the bonds issued in the 2005 Bond Exchange, the 2010 Bond Exchange and the BONAR 2024 Offerings, while paying nothing to the Plaintiffs, has violated, and continues to violate the Equal Treatment provisions of the Plaintiffs' note instruments, and there is no adequate remedy at law for these breaches.

## **THE PARTIES**

4.     Plaintiff ARAG-A is a Cayman Islands private company limited by shares.

5.     Plaintiff ARAG-O is a Cayman Islands private company limited by shares.

6.     Plaintiff ARAG-T is a Cayman Islands private company limited by shares.

7.     Plaintiff ARAG-V is a Cayman Islands private company limited by shares.

8.     Plaintiff Yellow Crane is a Delaware limited liability company.

9.     Plaintiff MCHA is a Delaware limited liability company.

10.     Plaintiff Honero is a Delaware limited liability company.

11.     Plaintiff Red Pines is a Delaware limited liability company.

12.     Plaintiff Procella is a limited partnership organized under the laws of the Cayman Islands.

13.     Plaintiff Trinity is an Irish private company limited by shares.

14.     Plaintiff SGEMF is British Virgin Islands private company limited by shares.

15.     Defendant The Republic of Argentina is a Foreign State as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction pursuant to 28 U.S.C. § 1330(a).

17.     This Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York.

18.     Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

19.     Pursuant to Sections 17.2-17.4 of that certain Trust Deed dated as of July 27, 1993 (as amended and supplemented, the "Trust Deed"), the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

## FACTS COMMON TO ALL PLAINTIFFS

20.     Plaintiffs are holders of certain notes issued by the Republic pursuant to the Trust Deed and various pricing supplements and other related documents issued between 1995 and 2001, under the Terms and Conditions of the Notes dated as of July 23, 1993 (the "Terms and Conditions") annexed thereto.

21.     Since 2001, the Republic has failed to pay principal and interest on notes issued pursuant to the Trust Deed, and has implemented legislation to facilitate the continuing breach of the Terms and Conditions.

22.     Upon information and belief, presentation was made as to all of the notes issued pursuant to the Trust Deed at or substantially at the time of maturity.

23.     From time to time in this Complaint, Plaintiffs rely on, and quote from documents, instruments and statutes in the Spanish language.  The quotations in all such cases either are actual quotations drawn from actual sources, or English translations of the relevant text.

24.     Pursuant to Section 10 of the Terms and Conditions, the following are defined as "Events of Default":

> (a) *Non-Payment*: the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues for a period of 30 days; or
>
> …
>
> (d) *Moratorium*: a moratorium on the payment of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

25. Section 10 of the Terms and Conditions further provides that following either of the foregoing Events of Default:

> the Trustee at its discretion may in respect of Notes of any Series, or at the request of the holders of not less than 25 per cent in aggregate nominal amount of the Notes of such Series then outstanding, by notice in writing to the Republic shall, declare . . . the nominal amount specified on the Notes or the Amortised Face Amount (in respect of Zero Coupon Notes) of all the Notes of such Series to be due and payable immediately . . . .

26. Pursuant to Section 10.2 of the Trust Deed, the following is defined as a "Proof of Default":

> **Proof of Default**: If it is proved that as regards any specified Note, Principal Coupon or Coupon the Republic has made default in paying any sum due to the relevant Noteholder and/or Principal Couponholder such proof will (unless the contrary be proved) be sufficient evidence that it has made the same default as regards all other Notes, Principal Coupons or Coupons which are then payable.

27. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on notes issued pursuant to the Trust Deed.

28. Section 3 of the Terms and Conditions contains an Equal Treatment provision, which states:

> The Notes and Coupons of all Series constitute (subject to Condition 4) direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall (subject to Condition 4) at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness (as defined in Condition 4).

29. Section 4(c) of the Terms and Conditions defines "External Indebtedness" as follows:

"External Indebtedness" means obligations (other than the Notes) for borrowed money or evidenced by bonds, debentures, notes, or other similar instruments denominated or payable, or which at the option of the holder thereof may be payable, in a currency other than the lawful currency of the Republic, provided that no Domestic Foreign Currency Indebtedness shall constitute External Indebtedness."

30. In 2005, the Republic attempted to restructure its debt by offering a bond exchange to all holders of non-performing external debt (the "2005 Bond Exchange").

31. The Prospectus for the 2005 Bond Exchange stated:

Existing defaulted bonds eligible for exchange that are not tendered may remain in default indefinitely. . . . The Government has announced that it has no intention of resuming payment on any bonds eligible to participate in [the] exchange offer . . . that are not tendered or otherwise restructured as part of such transaction. Consequently, if you elect not to tender your bonds in an exchange offer there can be no assurance that you will receive any future payments in respect to your bonds.

32. Plaintiffs and other holders of the Republic's non-performing notes (the "2005 Untendered Bonds") did not participate in the 2005 Bond Exchange ("2005 Non-tendering Bondholders"). The 2005 Non-tendering Bondholders held approximately 25% of the outstanding principal amount of the notes issued by the Republic.

33. Bondholders who participated in the 2005 Bond Exchange ("2005 Exchange Bondholders") received bonds scheduled to pay semi-annual interest (the "2005 Exchange Bonds").

34. The first interest payment due under the terms of the 2005 Exchange Bonds was paid by the Republic in 2005.

35.     Upon information and belief, the Republic paid all scheduled payments due on the 2005 Exchange Bonds after 2005 and until June 30, 2014, without making any ratable payments to the Plaintiffs.

36.     The Republic's Decree 1735, dated December 9, 2004, provided for the Republic to conduct bond exchanges for existing public debt.  Decree 1735 states, in part:

> Article 1 - It is hereby provided that the debt of the NATIONAL STATE, evidenced by bonds whose payment has been deferred under the provisions of Article 59 of Law No. 25,827, be restructured by means of a national international exchange transaction to be carried out under the terms and conditions provided hereunder, as set forth in the form of Prospectus Supplement . . .

> Article 2 - The transaction provided for under the preceding article shall be carried out through the exchange of public debt securities therein listed, for new debt instruments to be issued . . .

37.     To facilitate the 2005 Bond Exchange, the Senate and Chamber of Deputies of the Argentine Nation enacted Law 26,017 (the "Lock Law") on February 9, 2005.

38.     Article 1 of the Lock Law states:

> Article 1 - Notwithstanding the validity of other applicable norms, the sovereign bonds eligible for the exchange offer established by Decree No. 1735 dated 9 December 2004, that were not tendered according to what has been established in said decree will be subject to the provisions of this law.

39.     Article 1 of the Lock Law provided that bonds not tendered in the 2005 Bond Exchange would be subject to the following provisions:

> Article 2 - The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

>Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.
>
>Article 4 - The national Executive Power must – within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions – order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

40.     The Lock Law was intended to, and did facilitate the Republic's violation of the Equal Treatment provisions, and completion of the 2005 Bond Exchange.  The Lock Law purported to prevent the Republic from ever entering into a compromise or settlement with bondholders who did not tender as part of the exchange process.  In its January 28, 2010 prospectus (the "2010 Prospectus") for the 2010 Bond Exchange (as defined below), the Republic explained the purpose and effect of the Lock Law as follows:

>In an effort to reassure tendering Bondholders and increase the level of participation on the 2005 Debt Exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the 2005 Debt Exchange without Congressional approval and also prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt Exchange . . .

41.     In 2010, the Republic again restructured its debt through another bond exchange (the "2010 Bond Exchange").

42.     The 2010 Prospectus stated:

>Eligible Securities in default that are not exchanged pursuant to the Invitation may remain in default indefinitely. In light of its financial and legal constraints, Argentina does not expect to resume payments on any eligible Securities in default that remain outstanding following the expiration of the Invitation. Argentina has opposed vigorously, and intends to continue to oppose, attempts by holders who did not participate in its prior exchange offers to collect on its defaulted debt through . . .

litigation . . . and other legal proceedings against Argentina. Argentina remains subject to significant legal constraints regarding its defaulted debt. . . .

Consequently, if you elect not to tender your Eligible Securities in default pursuant to the Invitation there can be no assurance that you will receive any future payments or be able to collect through litigation in respect of your Eligible Securities in default.

43.     In preparation for the 2010 Bond Exchange (together with the 2005 Bond Exchange, the "Bond Exchanges"), the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,547, which, among other things, suspended the Lock Law for purposes of the 2010 Bond Exchange.

44.     Law 26,547 provides:

> Article 1. The effect of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010 or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the government bonds affected by the referenced regulation is completed, whichever occurs first.

> Article 3. The financial terms and conditions that are offered may not be equal to or better than those offered to creditors, in the debt restructuring established by Decree No. 1735/04.

> Article 5. . . . It is prohibited to offer the holders of government bonds who may have initiated judicial, administrative, arbitration or any other type of action, more favorable treatment than what is offered to those who have not done so.

45.     Law 26,547 prevented the Republic from paying Non-tendering Bondholders more than that which was offered to 2005 Exchange Bondholders, effectively prohibiting the Republic from complying with its payment obligations in respect of bonds not tendered in the 2010 Bond Exchange (together with the 2005 Untendered Bonds, the "Untendered Bonds"), thereby lowering the rank of the Untendered Bonds.

46.     Plaintiffs and other holders of the Republic's non-performing bonds did not participate in the 2010 Bond Exchange ("2010 Non-tendering Bondholders," and together with the 2005 Non-tendering Bondholders, the "Non-tendering Bondholders").

47.     The Republic's courts have held that the Lock Law and the Republic's Moratorium on payment prevent the Republic's courts from recognizing and enforcing any Non-tendering Bondholders' New York judgments.

48.     Bondholders who participated in the 2010 Bond Exchange (the "2010 Exchange Bondholders," and together with the 2005 Exchange Bondholders, the "Exchange Bondholders") received bonds scheduled to pay semi-annual interest (the "2010 Exchange Bonds," and together with the 2005 Exchange Bonds, the "Exchange Bonds").

49.     The first interest payment due under the terms of the 2010 Exchange Bonds was paid by the Republic in 2010.

50.     Upon information and belief, the Republic paid all scheduled payments due on the 2010 Exchange Bonds until June 30, 2014.

51.     Between 2010 and the present, the Republic made no ratable payments to the Plaintiffs.

52.     The Exchange Bonds are "External Indebtedness," as defined in the Equal Treatment provisions of the Trust Deed and the Terms and Conditions.

53.     In 2013, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,886, which, among other things, amended the Lock Law.

54.     Law 26,886 provides:

>      Article 2. The financial terms and conditions to be offered are prohibited from being more favorable than those offered to creditors in the debt restructuring provided by Decree No. 563/10.

>      Article 5. . . . It is forbidden to offer to holders of government-issued debt who have filed court, administrative or arbitral actions or actions of any other type treatment more favorable than that given to those who have not done so.

55.     Law 26,886 prevented the Republic from paying Non-tendering Bondholders more than that which was offered to Exchange Bondholders, effectively prohibiting the Republic from complying with its payment obligations in respect of the Untendered Bonds, thereby lowering the rank of the Untendered Bonds.

56.     Absent an Order of this Court, the Republic may continue to violate the Equal Treatment provisions by paying the Exchange Bondholders while paying nothing to Plaintiffs.

57.     NML Capital, Ltd. ("NML") and other pre-judgment holders of certain Untendered Bonds that were issued pursuant to a Fiscal Agency Agreement, dated October 19, 1994 (the "1994 FAA"), sought specific performance of the Equal Treatment provision of the bonds set out in the FAA in three pre-judgment cases styled *NML Capital, Ltd v. The Republic of Argentina* Case Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (S.D.N.Y.) ("NML's pre-judgment actions").

58.     In Orders issued in NML's pre-judgment actions, this Court:

>      a.      held that the Republic's actions, as alleged above, violated the Equal Treatment Provision of the 1994 FAA;

    b.       granted partial summary judgment to NML on its equal treatment claims;

    c.       held that NML had no adequate remedy at law and that, absent equitable relief, NML would suffer irreparable harm;

    d.       held that the equities strongly supported injunctive relief;

    e.       held that the Republic had the financial wherewithal to meet its payment obligations to NML in those cases; and

    f.       issued an Amended Order requiring the Republic to specifically perform its equal treatment obligations by making ratable payment to NML whenever it paid the 2005 and 2010 Exchange Bondholders the amounts due on their bonds.

59.      In its December 7, 2011 Order in NML's pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds, decreeing as follows:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

60.      On February 23, 2012, this Court issued an injunction to remedy the Republic's continuing violations of the equal treatment provision of the 1994 FAA, which required the Republic to pay NML ratably whenever it paid the Exchange Bondholders pursuant to their bonds.

61.      On October 26, 2012, the Second Circuit Court of Appeals affirmed this Court's February 23, 2012 decision, but remanded the injunction for clarification.

62.      The Republic petitioned for a writ of *certiorari* to the Supreme Court of the United States.  The petition was denied on October 7, 2013.

63.     On November 21, 2012, this Court amended the February 23, 2012 injunction.

64.     On August 23, 2013, the Second Circuit affirmed this Court's November 21, 2012 decision.

65.     The Republic filed a petition for a writ of *certiorari* to the Supreme Court of the United States, seeking review.  The petition was denied on June 16, 2014.

66.     In response to the orders of this Court, the Second Circuit Court of Appeals, and the Supreme Court of the United States in NML's pre-judgment cases, the Republic's officials have frequently stated that the Republic will defy the courts' orders and will not pay NML, or any Non-tendering Bondholders situated similarly to the Plaintiffs, ratably whenever it makes scheduled payments to the Exchange Bondholders.

67.     On June 26, 2014, in an effort to circumvent this Court's injunction, and, *inter alia*, the Republic's Equal Treatment obligations to the Plaintiffs, the Republic transferred funds to certain financial intermediaries in respect of interest due to the Exchange Bondholders.  Due to this Court's orders, those financial institutions did not make payments to the Exchange Bondholders.  On September 30, 2014, the Republic transferred additional funds to an affiliate of a state-owned financial institution in another effort to circumvent this Court's injunction, and, *inter alia*, the Republic's Equal Treatment obligations to the Plaintiffs.  On information and belief, the Exchange Bondholders have not received payment, because recipients recognize that the Republic's work-around is another effort to avoid the Court's injunction that raises concerns under the injunction, and other concerns for Exchange Bondholders.

68.     On July 30, 2014 and October 30, 2014, rather than pay the judgments against it or negotiate a settlement with the Non-tendering Bondholders, the Republic defaulted on its obligations to Exchange Bondholders.

69.     On September 11, 2014, the Republic enacted Law 26,984.  Law 26,984 authorizes the Ministry of Economy and Public Finance to take all necessary measures to remove the Bank of New York Mellon as trustee of the Exchange Bonds and to appoint an Argentinian bank as the successor trustee, notwithstanding the Exchange Bondholders' contractual right to appoint a new and different trustee.  Additionally, Law 26,984 creates an account opened by the proposed successor trustee with the Republic's central bank to hold in trust the funds necessary to pay the Exchange Bondholders.  Law 26,984 demonstrates the Republic's continued efforts and determination to violated its Equal Treatment obligations to the Plaintiffs, and ignore the orders of this Court, and to make payments on the Exchange Bonds as they come due while paying nothing to the Non-tendering Bondholders.

70.     Initially, Chase Manhattan Trustees Limited was appointed as Trustee pursuant to the Trust Deed under which the notes held by the Plaintiffs were issued.

71.     Upon information and belief, the Bank of New York Mellon now serves as Trustee for the Trust Deed.

72.     The Bank of New York Mellon was also appointed as a trustee for the Exchange Bonds.

73.     Because the Republic attempts to pay Exchange Bondholders while violating its obligations to the Plaintiffs and others, and because Bank of New York Mellon owes

contractual duties both to Exchange Bondholders and Non-tendering Bondholders, the Republic has created an insuperable conflict of interest for the Trustee of the Trust Deed, which prevents it from seeking remedies on behalf of the Plaintiffs and other Non-tendering Bondholders under the Trust Deed.

74.     As alleged above, the chronic, wrongful conduct of the Republic has created special circumstances that prohibit the Trustee from carrying out its trust to the Plaintiffs. In light of these special circumstances, the Plaintiffs are authorized to seek remedies under the Trust Deed, including judgments for non-payment and orders for specific performance of the Republic's Equal Treatment obligations.

75.     Upon information and belief, in May 2014, the Republic began issuing (together with the additional issuances of the BONAR 2024 Bonds, the "BONAR 2024 Offerings") bonds bearing ISIN ARARGE03H413 (the "BONAR 2024 Bonds"), which, like the Exchange Bonds, are also "External Indebtedness."  The Republic has made payments on the BONAR 2024 Bonds, and, on information and belief, it will continue to make payments on and issue more BONAR 2024 Bonds all while paying nothing to Plaintiffs and the other Non-tendering Bondholders in violation of the Equal Treatment provisions.

76.     Upon information and belief, in December 2014 the Republic issued approximately $650 million additional BONAR 2024 Bonds.

77.     Upon information and belief, in April 2015 the Republic issued over $1.4 billion principal amount of BONAR 2024 Bonds.

78.     Upon information and belief, since May 2014, the Republic has issued approximately $5.3 billion of BONAR 2024 Bonds to international investors located outside of the Republic.

79.     In violation of its obligations under the Equal Treatment provisions, the Republic made its first payment on the BONAR 2024 Bonds on November 7, 2014, and its second payment on May 7, 2015.

80.     Upon information and belief, the Republic intends to make all payments due under the terms of the BONAR 2024 Bonds.

81.     Upon information and belief, the Republic intends to issue additional External Indebtedness in the future.

82.     Upon information and belief, the Republic intends to make all payments due under the terms of any other existing or future External Indebtedness.

## COUNT ONE
(For Breach of Contract on the Notes denominated with ISIN XS0089277825)

83.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

84.     Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN XS0089277825 (the "XS0089277825 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 343,000.00 Euros.  The XS0089277825 Note matured on July 30, 2010, at which time the entire principal amount on the XS0089277825 Note became due and payable.

85.     Plaintiff ARAG-O holds a beneficial interest in the XS0089277825 Note in the principal amount of 394,000.00 Euros.

86.     Plaintiff ARAG-T holds a beneficial interest in the XS0089277825 Note in the principal amount of 295,000.00 Euros.

87.     Plaintiff ARAG-V holds a beneficial interest in the XS0089277825 Note in the principal amount of 263,000.00 Euros.

88.     Plaintiff MCHA holds a beneficial interest in the XS0089277825 Note in the principal amount of 1,668,290.00 Euros.

89.     Plaintiff Trinity holds a beneficial interest in the XS0089277825 Note in the principal amount of 90,000.00 Euros (Trinity, together with ARAG-A, ARAG-O, ARAG-T, ARAG-V and MCHA, solely with respect to the XS0089277825 Note, are the "Count One Plaintiffs").

90.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

91.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0089277825 Note entitling the Trustee to declare the principal amount of the XS0089277825 Note, together with any accrued and unpaid interest.

92.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0089277825 Note.

93.    By reason of the foregoing the Republic is in breach of the terms of the XS0089277825.

94.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count One Plaintiffs, and the Republic is liable to the Count One Plaintiffs for damages in amount to be determined at trial, plus interest.

## **COUNT TWO**
### (For Breach of Contract on the Notes denominated with ISIN XS0084832483)

95.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

96.     Plaintiff Procella is the beneficial holder of the note denominated with ISIN XS0084832483 (the "XS0084832483 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 3,275,000,000.00 Italian Lire.   The XS0084832483 Note matured on October 20, 2009, at which time the entire principal amount on the XS0084832483 Note became due and payable.

97.     Plaintiff Yellow Crane holds a beneficial interest in the XS0084832483 Note in the principal amount of 70,000,000.00 Italian Lire.

98.     Plaintiff SGEMF holds a beneficial interest in the XS0084832483 Note in the principal amount of 100,000,000.00 Italian Lire (SGEMF, together with Procella and Yellow Crane, solely with respect to the XS0084832483 Note, are the "Count Two Plaintiffs").

99.     With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

100.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0084832483 Note entitling the Trustee to declare the principal amount of the XS0084832483 Note, together with any accrued and unpaid interest.

101.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0084832483 Note.

102.     By reason of the foregoing the Republic is in breach of the terms of the XS0084832483 Note.

103.     By reason of the foregoing, the Republic has breached its contractual obligations to the Count Two Plaintiffs, and the Republic is liable to the Count Two Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT THREE
(For Breach of Contract on the Notes denominated with ISIN XS0103457585)

104.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

105.     Plaintiff Red Pines is the beneficial holder of the note denominated with ISIN XS0103457585 (the "XS0103457585 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 700,124.00 Euros.  The XS0103457585 Note matured on February 26, 2008, at which time the entire principal amount on the XS0103457585 Note became due and payable.

106.     Plaintiff Procella holds a beneficial interest in the XS0103457585 Note in the principal amount of 65,597.00 Euros.

107.     Plaintiff SGEMF holds a beneficial interest in the XS0103457585 Note in the principal amount of 561,709.61 Euros (SGEMF, together with Red Pines and Procella, solely with respect to the XS0103457585 Note, are the "Count Three Plaintiffs").

108.     With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent

for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

109.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0103457585 Note entitling the Trustee to declare the principal amount of the XS0103457585 Note, together with any accrued and unpaid interest.

110.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0103457585 Note.

111.    By reason of the foregoing the Republic is in breach of the terms of the XS0103457585 Note.

112.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Three Plaintiffs, and the Republic is liable to the Count Three Plaintiffs for damages in amount to be determined at trial, plus interest.

## **COUNT FOUR**
(For Breach of Contract on the Notes denominated with ISIN XS0078502399)

113.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

114.    Plaintiff Procella (Procella, solely with respect to the XS0078502399 Note,  the "Count Four Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0078502399 (the "XS0078502399 Note"), issued by the Republic pursuant to the Trust Deed

in the principal amount of 20,000,000.00 Italian Lire. The XS0078502399 Note matured on August 11, 2007, at which time the entire principal amount on the XS0078502399 Note became due and payable.

115.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

116.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0078502399 Note entitling the Trustee to declare the principal amount of the XS0078502399 Note, together with any accrued and unpaid interest.

117.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0078502399 Note.

118.    By reason of the foregoing the Republic is in breach of the terms of the XS0078502399 Note.

119.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Four Plaintiffs, and the Republic is liable to the Count Four Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT FIVE
(For Breach of Contract on the Notes denominated with ISIN XS0077243730)

120.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

121.    Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN XS0077243730 (the "XS0077243730 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 40,000.00 British Pounds.  The XS0077243730 Note matured on June 25, 2007, at which time the entire principal amount on the XS0077243730 Note became due and payable.

122.    Plaintiff ARAG-O holds a beneficial interest in the XS0077243730 Note in the principal amount of 130,000.00 British Pounds.

123.    Plaintiff ARAG-T holds a beneficial interest in the XS0077243730 Note in the principal amount of 104,000.00 British Pounds.

124.    Plaintiff ARAG-V holds a beneficial interest in the XS0077243730 Note in the principal amount of 55,000.00 British Pounds.

125.    Plaintiff Procella holds a beneficial interest in the XS0077243730 Note in the principal amount of 15,000.00 British Pounds.

126.    Plaintiff SGEMF holds a beneficial interest in the XS0077243730 Note in the principal amount of 189,000.00 British Pounds (SGEMF, together with ARAG-A, ARAG-O, ARAG-T, ARAG-V and Procella, solely with respect to the XS0077243730 Note, are the "Count Five Plaintiffs").

127.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

128.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0077243730 Note entitling the Trustee to declare the principal amount of the XS0077243730 Note, together with any accrued and unpaid interest.

129.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0077243730 Note.

130.    By reason of the foregoing the Republic is in breach of the terms of the XS0077243730 Note.

131.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Five Plaintiffs, and the Republic is liable to the Count Five Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT SIX
(For Breach of Contract on the Notes denominated with ISIN XS0124528703)

132.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

133.   Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN XS0124528703 (the "XS0124528703 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 312,000.00 Euros.   The XS0124528703 Note matured on February 22, 2007, at which time the entire principal amount on the XS0124528703 Note became due and payable.

134.   Plaintiff ARAG-O holds a beneficial interest in the XS0124528703 Note in the principal amount of 286,000.00 Euros.

135.   Plaintiff ARAG-T holds a beneficial interest in the XS0124528703 Note in the principal amount of 211,000.00 Euros.

136.   Plaintiff ARAG-V holds a beneficial interest in the XS0124528703 Note in the principal amount of 186,000.00 Euros.

137.   Plaintiff Procella holds a beneficial interest in the XS0124528703 Note in the principal amount of 207,000.00 Euros.

138.   Plaintiff SGEMF holds a beneficial interest in the XS0124528703 Note in the principal amount of 155,000.00 Euros (SGEMF, together with ARAG-A, ARAG-O, ARAG-T, ARAG-V and Procella, solely with respect to the XS0124528703 Note, are the "Count Six Plaintiffs").

139.   With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

140.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0124528703 Note entitling the Trustee to declare the principal amount of the XS0124528703 Note, together with any accrued and unpaid interest, to be due and payable immediately.

141.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0124528703 Note.

142.    By reason of the foregoing the Republic is in breach of the terms of the XS0124528703 Note.

143.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Six Plaintiffs, and the Republic is liable to the Count Six Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT SEVEN
(For Breach of Contract on the Notes denominated with ISIN XS0071898349)

144.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

145.    Plaintiff Procella (Procella, solely with respect to the XS0071898349 Note, the "Count Seven Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0071898349 (the "XS0071898349 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 2,170,000,000.00 Italian Lire.  The XS0071898349 Note matured on January 3, 2007, at which time the entire principal amount on the XS0071898349 Note became due and payable.

146.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

147.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0071898349 Note entitling the Trustee to declare the principal amount of the XS0071898349 Note, together with any accrued and unpaid interest.

148.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0071898349 Note.

149.    By reason of the foregoing the Republic is in breach of the terms of the XS0071898349 Note.

150.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Seven Plaintiffs, and the Republic is liable to the Count Seven Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT EIGHT
(For Breach of Contract on the Notes denominated with ISIN USP8055KFQ33)

151.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

152.    Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN USP8055KFQ33 (the "USP8055KFQ33 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 416,000.00 Euros.  The USP8055KFQ33 Note matured on May 24, 2005, at which time the entire principal amount on the USP8055KFQ33 Note became due and payable.

153.    Plaintiff ARAG-O holds a beneficial interest in the USP8055KFQ33 Note in the principal amount of 133,000.00 Euros.

154.    Plaintiff ARAG-T holds a beneficial interest in the USP8055KFQ33 Note in the principal amount of 113,000.00 Euros.

155.    Plaintiff ARAG-V holds a beneficial interest in the USP8055KFQ33 Note in the principal amount of 91,000.00 Euros.

156.    Plaintiff Honero holds a beneficial interest in the USP8055KFQ33 Note in the principal amount of 777,000.00 Euros.

157.    Plaintiff Red Pines holds a beneficial interest in the USP8055KFQ33 Note in the principal amount of 48,000.00 Euros.

158.    Plaintiff Procella holds a beneficial interest in the USP8055KFQ33 Note in the principal amount of 297,000.00 Euros.

159.    Plaintiff SGEMF holds a beneficial interest in the USP8055KFQ33 Note in the principal amount of 156,000.00 Euros (SGEMF, together with ARAG-A, ARAG-O,

ARAG-T, ARAG-V, Honero, Red Pines and Procella, solely with respect to the USP8055KFQ33 Note, are the "Count Eight Plaintiffs").

160.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

161.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the USP8055KFQ33 Note entitling the Trustee to declare the principal amount of the USP8055KFQ33 Note, together with any accrued and unpaid interest.

162.    Since December 2001, the Republic has failed to make any payment of principal or interest on the USP8055KFQ33 Note.

163.    By reason of the foregoing the Republic is in breach of the terms of the USP8055KFQ33 Note.

164.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Eight Plaintiffs, and the Republic is liable to the Count Eight Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT NINE
(For Breach of Contract on the Notes denominated with ISIN XS0105694789)

165.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

166.     Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN XS0105694789 (the "XS0105694789 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 153,000.00 Euros.   The XS0105694789 Note matured on January 7, 2005, at which time the entire principal amount on the XS0105694789 Note became due and payable.

167.     Plaintiff ARAG-O holds a beneficial interest in the XS0105694789 Note in the principal amount of 110,000.00 Euros.

168.     Plaintiff ARAG-T holds a beneficial interest in the XS0105694789 Note in the principal amount of 81,000.00 Euros.

169.     Plaintiff ARAG-V holds a beneficial interest in the XS0105694789 Note in the principal amount of 69,000.00 Euros.

170.     Plaintiff Honero holds a beneficial interest in the XS0105694789 Note in the principal amount of 872,000.00 Euros.

171.     Plaintiff Procella holds a beneficial interest in the XS0105694789 Note in the principal amount of 293,000.00 Euros.

172.     Plaintiff SGEMF holds a beneficial interest in the XS0105694789 Note in the principal amount of 218,000.00 Euros (SGEMF, together with ARAG-A, ARAG-O, ARAG-

T, ARAG-V, Honero and Procella, solely with respect to the XS0105694789 Note, are the "Count Nine Plaintiffs").

173.     With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

174.     Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0105694789 Note entitling the Trustee to declare the principal amount of the XS0105694789 Note, together with any accrued and unpaid interest.

175.     Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0105694789 Note.

176.     By reason of the foregoing the Republic is in breach of the terms of the XS0105694789 Note.

177.     By reason of the foregoing, the Republic has breached its contractual obligations to the Count Nine Plaintiffs, and the Republic is liable to the Count Nine Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT TEN
(For Breach of Contract on the Notes denominated with ISIN XS0109203298)

178.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

179.    Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN XS0109203298 (the "XS0109203298 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 1,130,000.00 Euros.  The XS0109203298 Note matured on October 4, 2004, at which time the entire principal amount on the XS0109203298 Note became due and payable.

180.    Plaintiff ARAG-O holds a beneficial interest in the XS0109203298 Note in the principal amount of 281,000.00 Euros.

181.    Plaintiff ARAG-T holds a beneficial interest in the XS0109203298 Note in the principal amount of 224,000.00 Euros.

182.    Plaintiff ARAG-V holds a beneficial interest in the XS0109203298 Note in the principal amount of 187,000.00 Euros.

183.    Plaintiff Yellow Crane holds a beneficial interest in the XS0109203298 Note in the principal amount of 1,000,000.00 Euros.

184.    Plaintiff Red Pines holds a beneficial interest in the XS0109203298 Note in the principal amount of 325,000.00 Euros (Red Pines, together with ARAG-A, ARAG-O, ARAG-T, ARAG-V and Yellow Crane, solely with respect to the XS0109203298 Note, are the "Count Ten Plaintiffs").

185.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

186.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0109203298 Note entitling the Trustee to declare the principal amount of the XS0109203298 Note, together with any accrued and unpaid interest.

187.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0109203298 Note.

188.    By reason of the foregoing the Republic is in breach of the terms of the XS0109203298 Note.

189.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Ten Plaintiffs, and the Republic is liable to the Count Ten Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT ELEVEN
(For Breach of Contract on the Notes denominated with ISIN XS0080809253)

190.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

191.     Plaintiff Procella (Procella, solely with respect to the XS0080809253 Note, the "Count Eleven Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0080809253 (the "XS0080809253 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 140,000,000.00 Italian Lire.  The XS0080809253 Note matured on March 18, 2004, at which time the entire principal amount on the XS0080809253 Note became due and payable.

192.     With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

193.     Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0080809253 Note entitling the Trustee to declare the principal amount of the XS0080809253 Note, together with any accrued and unpaid interest.

194.     Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0080809253 Note.

195.     By reason of the foregoing the Republic is in breach of the terms of the XS0080809253 Note.

196.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Eleven Plaintiffs, and the Republic is liable to the Count Eleven Plaintiffs for damages in amount to be determined at trial, plus interest.

**COUNT TWELVE**
(For Breach of Contract on the Notes denominated with ISIN XS0096960751)

197.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

198.    Plaintiff Red Pines is the beneficial holder of the note denominated with ISIN XS0096960751 (the "XS0096960751 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 348,300.00 Euros.  The XS0096960751 Note matured on March 18, 2004, at which time the entire principal amount on the XS0096960751 Note became due and payable.

199.    Plaintiff Yellow Crane holds a beneficial interest in the XS0096960751 Note in the principal amount of 5,451.00 Euros (Yellow Crane, together with Red Pines, solely with respect to the XS0096960751 Note, are the "Count Twelve Plaintiffs").

200.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

201.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0096960751 Note

entitling the Trustee to declare the principal amount of the XS0096960751 Note, together with any accrued and unpaid interest.

202.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0096960751 Note.

203.    By reason of the foregoing the Republic is in breach of the terms of the XS0096960751 Note.

204.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Twelve Plaintiffs, and the Republic is liable to the Count Twelve Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT THIRTEEN
(For Breach of Contract on the Notes denominated with ISIN XS0081057589)

205.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

206.    Plaintiff SGEMF (SGEMF, solely with respect to the XS0081057589 Note, the "Count Thirteen Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0081057589 (the "XS0081057589 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 1,100,000,000.00 Italian Lire.  The XS0081057589 Note matured on March 18, 2004, at which time the entire principal amount on the XS0081057589 Note became due and payable.

207.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent

for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

208.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0081057589 Note entitling the Trustee to declare the principal amount of the XS0081057589 Note, together with any accrued and unpaid interest.

209.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0081057589 Note.

210.    By reason of the foregoing the Republic is in breach of the terms of the XS0081057589 Note.

211.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Thirteen Plaintiffs, and the Republic is liable to the Count Thirteen Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT FOURTEEN
(For Breach of Contract on the Notes denominated with ISIN XS0070531420)

212.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

213.    Plaintiff Procella (Procella, solely with respect to the XS0070531420 Note, the "Count Fourteen Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0070531420 (the "XS0070531420 Note"), issued by the Republic pursuant to the Trust Deed

in the principal amount of 30,000,000.00 Italian Lire. The XS0070531420 Note matured on November 5, 2003, at which time the entire principal amount on the XS0070531420 Note became due and payable.

214.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

215.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0070531420 Note entitling the Trustee to declare the principal amount of the XS0070531420 Note, together with any accrued and unpaid interest.

216.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0070531420 Note.

217.    By reason of the foregoing the Republic is in breach of the terms of the XS0070531420 Note.

218.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Fourteen Plaintiffs, and the Republic is liable to the Count Fourteen Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT FIFTEEN
(For Breach of Contract on the Notes denominated with ISIN XS0084071421)

219.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

220.    Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN XS0084071421 (the "XS0084071421 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 2,253,000.00 Euros.  The XS0084071421 Note matured on February 4, 2003, at which time the entire principal amount on the XS0084071421 Note became due and payable.

221.    Plaintiff ARAG-O holds a beneficial interest in the XS0084071421 Note in the principal amount of 39,000.00 Euros.

222.    Plaintiff ARAG-T holds a beneficial interest in the XS0084071421 Note in the principal amount of 34,000.00 Euros.

223.    Plaintiff ARAG-V holds a beneficial interest in the XS0084071421 Note in the principal amount of 27,000.00 Euros.

224.    Plaintiff Trinity holds a beneficial interest in the XS0084071421 Note in the principal amount of 23,000.00 Euros.

225.    Plaintiff Red Pines holds a beneficial interest in the XS0084071421 Note in the principal amount of 396,000.00 Euros (Red Pines, together with ARAG-A, ARAG-O, ARAG-T, ARAG-V and Trinity, solely with respect to the XS0084071421 Note, are the "Count Fifteen Plaintiffs").

226.   With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

227.   Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0084071421 Note entitling the Trustee to declare the principal amount of the XS0084071421 Note, together with any accrued and unpaid interest.

228.   Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0084071421 Note.

229.   By reason of the foregoing the Republic is in breach of the terms of the XS0084071421 Note.

230.   By reason of the foregoing, the Republic has breached its contractual obligations to the Count Fifteen Plaintiffs, and the Republic is liable to the Count Fifteen Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT SIXTEEN
(For Breach of Contract on the Notes denominated with ISIN XS0098314874)

231.   Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

232.   Plaintiff Red Pines (Red Pines, solely with respect to the XS0098314874 Note, the "Count Sixteen Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0098314874 (the "XS0098314874 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 229,000.00 Euros.   The XS0098314874 Note matured on June 10, 2002, at which time the entire principal amount on the XS0098314874 Note became due and payable.

233.   With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

234.   Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0098314874 Note entitling the Trustee to declare the principal amount of the XS0098314874 Note, together with any accrued and unpaid interest.

235.   Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0098314874 Note.

236.   By reason of the foregoing the Republic is in breach of the terms of the XS0098314874 Note.

237.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Sixteen Plaintiffs, and the Republic is liable to the Count Sixteen Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT SEVENTEEN
(For Breach of Contract on the Notes denominated with ISIN XS0113833510)

238.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

239.    Plaintiff ARAG-A is the beneficial holder of the note denominated with ISIN XS0113833510 (the "XS0113833510 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 352,000.00 Euros.  The XS0113833510 Note matured on July 20, 2004, at which time the entire principal amount on the XS0113833510 Note became due and payable.

240.    Plaintiff ARAG-O holds a beneficial interest in the XS0113833510 Note in the principal amount of 149,000.00 Euros.

241.    Plaintiff ARAG-T holds a beneficial interest in the XS0113833510 Note in the principal amount of 121,000.00 Euros.

242.    Plaintiff ARAG-V holds a beneficial interest in the XS0113833510 Note in the principal amount of 99,000.00 Euros.

243.    Plaintiff Honero holds a beneficial interest in the XS0113833510 Note in the principal amount of 100,000.00 Euros.

244.    Plaintiff Red Pines holds a beneficial interest in the XS0113833510 Note in the principal amount of 44,000.00 Euros.

245.    Plaintiff Procella holds a beneficial interest in the XS0113833510 Note in the principal amount of 91,000.00 Euros.

246.    Plaintiff Trinity holds a beneficial interest in the XS0113833510 Note in the principal amount of 157,000.00 Euros.

247.    Plaintiff SGEMF holds a beneficial interest in the XS0113833510 Note in the principal amount of 25,000.00 Euros (SGEMF, together with ARAG-A, ARAG-O, ARAG-T, ARAG-V, Honero, Red Pines, Procella and Trinity, solely with respect to the XS0113833510 Note, are the "Count Seventeen Plaintiffs").

248.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

249.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0113833510 Note entitling the Trustee to declare the principal amount of the XS0113833510 Note, together with any accrued and unpaid interest.

250.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0113833510 Note.

251. By reason of the foregoing the Republic is in breach of the terms of the XS0113833510 Note.

252. By reason of the foregoing, the Republic has breached its contractual obligations to the Count Seventeen Plaintiffs, and the Republic is liable to the Count Seventeen Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT EIGHTEEN
(For Breach of Contract on the Notes denominated with ISIN XS0076397248)

253. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

254. Plaintiff Yellow Crane (Yellow Crane, solely with respect to the XS0076397248 Note, the "Count Eighteen Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0076397248 (the "XS0076397248 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 405,000,000.00 Italian Lire. The XS0076397248 Note matured on May 27, 2004, at which time the entire principal amount on the XS0076397248 Note became due and payable.

255. With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

256. Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0076397248 Note

entitling the Trustee to declare the principal amount of the XS0076397248 Note, together with any accrued and unpaid interest.

257.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0076397248 Note.

258.    By reason of the foregoing the Republic is in breach of the terms of the XS0076397248 Note.

259.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Eighteen Plaintiffs, and the Republic is liable to the Count Eighteen Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT NINETEEN
(For Breach of Contract on the Notes denominated with ISIN XS0088590863)

260.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein.

261.    Plaintiff Yellow Crane (Yellow Crane, solely with respect to the XS0088590863 Note, the "Count Nineteen Plaintiffs") is the beneficial holder of the note denominated with ISIN XS0088590863 (the "XS0088590863 Note"), issued by the Republic pursuant to the Trust Deed in the principal amount of 175,000,000.00 Italian Lire.   The XS0088590863 Note matured on July 8, 2005, at which time the entire principal amount on the XS0088590863 Note became due and payable.

262.    With respect to all notes alleged in this count, the Republic (i) agreed to submit to the jurisdiction of this Court, (ii) appointed Banco de la Nacion Argentina as its agent

for service of process, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

263.    Long before maturity, pursuant to Section 10.2 of the Trust Deed and Section 10 of the Terms and Conditions, the Republic's declaration of the moratorium, and its nonpayment of principal and interest constitute Events of Default on the XS0088590863 Note entitling the Trustee to declare the principal amount of the XS0088590863 Note, together with any accrued and unpaid interest.

264.    Since December 2001, the Republic has failed to make any payment of principal or interest on the XS0088590863 Note.

265.    By reason of the foregoing the Republic is in breach of the terms of the XS0088590863 Note.

266.    By reason of the foregoing, the Republic has breached its contractual obligations to the Count Nineteen Plaintiffs, and the Republic is liable to the Count Nineteen Plaintiffs for damages in amount to be determined at trial, plus interest.

## COUNT TWENTY
(For Breach of the Equal Treatment Provision of the XS0089277825 Note and for Injunctive Relief)

267.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count One.

268.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional,

unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

269.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

270.    The Republic violated the Equal Treatment provision of the XS0089277825 Note by lowering the rank of its payment obligations under the Count One Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count One Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

271.    The Republic violated the Equal Treatment provision of the XS0089277825 Note by relegating the Count One Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

272.    The Republic violated the Equal Treatment provision of the XS0089277825 Note by enacting Law 26,886.

273.    The Republic violated the Equal Treatment provision of the XS0089277825 Note by enacting Law 26,984.

274.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count One Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

275.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count One Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

276.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count One Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

277.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count One Plaintiffs would be a continuing violation of the Equal Treatment provision.

278.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count One Plaintiffs would be a continuing violation of the Equal Treatment provision.

279.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count One Plaintiffs would be a continuing violation of the Equal Treatment provision.

280.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

281.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

282.    The Count One Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0089277825 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count One Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic..

283.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

284.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0089277825 Note.

285.    The balance of the equities tips toward the issuance of an injunction.

286.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

287.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

288.    The Equal Treatment provision of the XS0089277825 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive

relief is warranted for the XS0089277825 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT TWENTY-ONE
(For Breach of the Equal Treatment Provision of the XS0084832483 Note and for Injunctive Relief)

289.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Two.

290.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

291.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

292.    The Republic violated the Equal Treatment provision of the XS0084832483 Note by lowering the rank of its payment obligations under the Count Two Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Two Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

293.    The Republic violated the Equal Treatment provision of the XS0084832483 Note by relegating the Count Two Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

294.    The Republic violated the Equal Treatment provision of the XS0084832483 Note by enacting Law 26,886.

295.    The Republic violated the Equal Treatment provision of the XS0084832483 Note by enacting Law 26,984.

296.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Two Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

297.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Two Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

298.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Two Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

299.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Two Plaintiffs would be a continuing violation of the Equal Treatment provision.

300.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Two Plaintiffs would be a continuing violation of the Equal Treatment provision.

301.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Two Plaintiffs would be a continuing violation of the Equal Treatment provision.

302.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

303.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

304.    The Count Two Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0084832483 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Two Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

305.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

306.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0084832483 Note.

307.    The balance of the equities tips toward the issuance of an injunction.

308.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

309.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

310.    The Equal Treatment provision of the XS0084832483 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0084832483 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT TWENTY-TWO
(For Breach of the Equal Treatment Provision of the XS0103457585 Note and for Injunctive Relief)

311.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Three.

312.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

313.     The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

314.     The Republic violated the Equal Treatment provision of the XS0103457585 Note by lowering the rank of its payment obligations under the Count Three Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Three Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

315.     The Republic violated the Equal Treatment provision of the XS0103457585 Note by relegating the Count Three Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

316.     The Republic violated the Equal Treatment provision of the XS0103457585 Note by enacting Law 26,886.

317.     The Republic violated the Equal Treatment provision of the XS0103457585 Note by enacting Law 26,984.

318.     The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Three Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

319.     The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Three Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

320.   The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Three Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

321.   The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Three Plaintiffs would be a continuing violation of the Equal Treatment provision.

322.   The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Three Plaintiffs would be a continuing violation of the Equal Treatment provision.

323.   The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Three Plaintiffs would be a continuing violation of the Equal Treatment provision.

324.   Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

325.   The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

326.   The Count Three Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0103457585 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the

Republic to pay the Count Three Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

327.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

328.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0103457585 Note.

329.    The balance of the equities tips toward the issuance of an injunction.

330.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

331.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

332.    The Equal Treatment provision of the XS0103457585 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0103457585 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT TWENTY-THREE

(For Breach of the Equal Treatment Provision of the XS0078502399 Note and for Injunctive Relief)

333.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Four.

334.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

335.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

336.    The Republic violated the Equal Treatment provision of the XS0078502399 Note by lowering the rank of its payment obligations under the Count Four Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Four Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

337.    The Republic violated the Equal Treatment provision of the XS0078502399 Note by relegating the Count Four Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

338.    The Republic violated the Equal Treatment provision of the XS0078502399 Note by enacting Law 26,886.

339.     The Republic violated the Equal Treatment provision of the XS0078502399 Note by enacting Law 26,984.

340.     The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Four Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

341.     The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Four Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

342.     The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Four Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

343.     The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Four Plaintiffs would be a continuing violation of the Equal Treatment provision.

344.     The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Four Plaintiffs would be a continuing violation of the Equal Treatment provision.

345.     The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Four Plaintiffs would be a continuing violation of the Equal Treatment provision.

346.   Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

347.   The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

348.   The Count Four Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0078502399 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Four Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

349.   Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

350.   The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0078502399 Note.

351.   The balance of the equities tips toward the issuance of an injunction.

352.   The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

353.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

354.    The Equal Treatment provision of the XS0078502399 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0078502399 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

**COUNT TWENTY-FOUR**
(For Breach of the Equal Treatment Provision of the XS0077243730 Note and for Injunctive Relief)

355.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Five.

356.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

357.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

358.    The Republic violated the Equal Treatment provision of the XS0077243730 Note by lowering the rank of its payment obligations under the Count Five Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Five Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

359.    The Republic violated the Equal Treatment provision of the XS0077243730 Note by relegating the Count Five Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

360.    The Republic violated the Equal Treatment provision of the XS0077243730 Note by enacting Law 26,886.

361.    The Republic violated the Equal Treatment provision of the XS0077243730 Note by enacting Law 26,984.

362.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Five Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

363.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Five Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

364.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Five Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

365.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Five Plaintiffs would be a continuing violation of the Equal Treatment provision.

366.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Five Plaintiffs would be a continuing violation of the Equal Treatment provision.

367.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Five Plaintiffs would be a continuing violation of the Equal Treatment provision.

368.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

369.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

370.    The Count Five Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0077243730 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Five Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

371.     Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

372.     The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0077243730 Note.

373.     The balance of the equities tips toward the issuance of an injunction.

374.     The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

375.     The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

376.     The Equal Treatment provision of the XS0077243730 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0077243730 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT TWENTY-FIVE
(For Breach of the Equal Treatment Provision of the XS0124528703 Note and for Injunctive Relief)

377.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Six.

378.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

379.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

380.    The Republic violated the Equal Treatment provision of the XS0124528703 Note by lowering the rank of its payment obligations under the Count Six Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Six Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

381.    The Republic violated the Equal Treatment provision of the XS0124528703 Note by relegating the Count Six Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

382.    The Republic violated the Equal Treatment provision of the XS0124528703 Note by enacting Law 26,886.

383.    The Republic violated the Equal Treatment provision of the XS0124528703 Note by enacting Law 26,984.

384.     The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Six Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

385.     The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Six Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

386.     The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Six Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

387.     The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Six Plaintiffs would be a continuing violation of the Equal Treatment provision.

388.     The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Six Plaintiffs would be a continuing violation of the Equal Treatment provision.

389.     The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Six Plaintiffs would be a continuing violation of the Equal Treatment provision.

390.     Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

391. The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

392. The Count Six Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0124528703 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Six Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

393. Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

394. The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0124528703 Note.

395. The balance of the equities tips toward the issuance of an injunction.

396. The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

397. The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . . The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

398.    The Equal Treatment provision of the XS0124528703 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0124528703 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT TWENTY-SIX
### (For Breach of the Equal Treatment Provision of the XS0071898349 Note and for Injunctive Relief)

399.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Seven.

400.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

401.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

402.    The Republic violated the Equal Treatment provision of the XS0071898349 Note by lowering the rank of its payment obligations under the Count Seven Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Seven Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

403. The Republic violated the Equal Treatment provision of the XS0071898349 Note by relegating the Count Seven Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

404. The Republic violated the Equal Treatment provision of the XS0071898349 Note by enacting Law 26,886.

405. The Republic violated the Equal Treatment provision of the XS0071898349 Note by enacting Law 26,984.

406. The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Seven Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

407. The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Seven Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

408. The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Seven Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

409. The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Seven Plaintiffs would be a continuing violation of the Equal Treatment provision.

410.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Seven Plaintiffs would be a continuing violation of the Equal Treatment provision.

411.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Seven Plaintiffs would be a continuing violation of the Equal Treatment provision.

412.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

413.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

414.    The Count Seven Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0071898349 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Seven Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

415.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

416.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0071898349 Note.

417.    The balance of the equities tips toward the issuance of an injunction.

418.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

419.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

420.    The Equal Treatment provision of the XS0071898349 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0071898349 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

### COUNT TWENTY-SEVEN
(For Breach of the Equal Treatment Provision of the USP8055KFQ33 Note and for Injunctive Relief)

421.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Eight.

422.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional,

unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

423.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

424.    The Republic violated the Equal Treatment provision of the USP8055KFQ33 Note by lowering the rank of its payment obligations under the Count Eight Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Eight Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

425.    The Republic violated the Equal Treatment provision of the USP8055KFQ33 Note by relegating the Count Eight Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

426.    The Republic violated the Equal Treatment provision of the USP8055KFQ33 Note by enacting Law 26,886.

427.    The Republic violated the Equal Treatment provision of the USP8055KFQ33 Note by enacting Law 26,984.

428.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Eight Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

429.     The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Eight Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

430.     The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Eight Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

431.     The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Eight Plaintiffs would be a continuing violation of the Equal Treatment provision.

432.     The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Eight Plaintiffs would be a continuing violation of the Equal Treatment provision.

433.     The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Eight Plaintiffs would be a continuing violation of the Equal Treatment provision.

434.     Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

435.     The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

436.     The Count Eight Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the USP8055KFQ33 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Eight Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

437.     Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

438.     The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the USP8055KFQ33 Note.

439.     The balance of the equities tips toward the issuance of an injunction.

440.     The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

441.     The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

442.     The Equal Treatment provision of the USP8055KFQ33 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive

relief is warranted for the USP8055KFQ33 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT TWENTY-EIGHT

(For Breach of the Equal Treatment Provision of the XS0105694789 Note and for Injunctive Relief)

443.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Nine.

444.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

445.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

446.    The Republic violated the Equal Treatment provision of the XS0105694789 Note by lowering the rank of its payment obligations under the Count Nine Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Nine Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

447.    The Republic violated the Equal Treatment provision of the XS0105694789 Note by relegating the Count Nine Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

448.    The Republic violated the Equal Treatment provision of the XS0105694789 Note by enacting Law 26,886.

449.    The Republic violated the Equal Treatment provision of the XS0105694789 Note by enacting Law 26,984.

450.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Nine Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

451.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Nine Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

452.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Nine Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

453.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Nine Plaintiffs would be a continuing violation of the Equal Treatment provision.

454.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Nine Plaintiffs would be a continuing violation of the Equal Treatment provision.

455.   The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Nine Plaintiffs would be a continuing violation of the Equal Treatment provision.

456.   Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

457.   The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

458.   The Count Nine Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0105694789 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Nine Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

459.   Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

460.   The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0105694789 Note.

461.   The balance of the equities tips toward the issuance of an injunction.

462.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

463.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

464.    The Equal Treatment provision of the XS0105694789 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0105694789 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT TWENTY-NINE
### (For Breach of the Equal Treatment Provision of the XS0109203298 Note and for Injunctive Relief)

465.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Ten.

466.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

467.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

468.    The Republic violated the Equal Treatment provision of the XS0109203298 Note by lowering the rank of its payment obligations under the Count Ten Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Ten Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

469.    The Republic violated the Equal Treatment provision of the XS0109203298 Note by relegating the Count Ten Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

470.    The Republic violated the Equal Treatment provision of the XS0109203298 Note by enacting Law 26,886.

471.    The Republic violated the Equal Treatment provision of the XS0109203298 Note by enacting Law 26,984.

472.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Ten Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

473.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Ten Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

474.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Ten Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

475.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Ten Plaintiffs would be a continuing violation of the Equal Treatment provision.

476.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Ten Plaintiffs would be a continuing violation of the Equal Treatment provision.

477.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Ten Plaintiffs would be a continuing violation of the Equal Treatment provision.

478.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

479.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

480.    The Count Ten Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0109203298 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the

Republic to pay the Count Ten Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

481.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

482.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0109203298 Note.

483.    The balance of the equities tips toward the issuance of an injunction.

484.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

485.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

486.    The Equal Treatment provision of the XS0109203298 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0109203298 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT THIRTY
(For Breach of the Equal Treatment Provision of the XS0080809253 Note and for Injunctive Relief)

487.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Eleven.

488.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

489.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

490.    The Republic violated the Equal Treatment provision of the XS0080809253 Note by lowering the rank of its payment obligations under the Count Eleven Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Eleven Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

491.    The Republic violated the Equal Treatment provision of the XS0080809253 Note by relegating the Count Eleven Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

492.    The Republic violated the Equal Treatment provision of the XS0080809253 Note by enacting Law 26,886.

493.    The Republic violated the Equal Treatment provision of the XS0080809253 Note by enacting Law 26,984.

494.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Eleven Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

495.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Eleven Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

496.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Eleven Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

497.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Eleven Plaintiffs would be a continuing violation of the Equal Treatment provision.

498.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Eleven Plaintiffs would be a continuing violation of the Equal Treatment provision.

499.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Eleven Plaintiffs would be a continuing violation of the Equal Treatment provision.

500.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

501.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

502.    The Count Eleven Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0080809253 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Eleven Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

503.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

504.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0080809253 Note.

505.    The balance of the equities tips toward the issuance of an injunction.

506.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

507.     The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

508.     The Equal Treatment provision of the XS0080809253 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0080809253 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

### COUNT THIRTY-ONE
(For Breach of the Equal Treatment Provision of the XS0096960751 Note and for Injunctive Relief)

509.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Twelve.

510.     Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

511.     The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

512.     The Republic violated the Equal Treatment provision of the XS0096960751 Note by lowering the rank of its payment obligations under the Count Twelve Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Twelve Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

513.     The Republic violated the Equal Treatment provision of the XS0096960751 Note by relegating the Count Twelve Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

514.     The Republic violated the Equal Treatment provision of the XS0096960751 Note by enacting Law 26,886.

515.     The Republic violated the Equal Treatment provision of the XS0096960751 Note by enacting Law 26,984.

516.     The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Twelve Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

517.     The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Twelve Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

518.     The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Twelve Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

519.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Twelve Plaintiffs would be a continuing violation of the Equal Treatment provision.

520.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Twelve Plaintiffs would be a continuing violation of the Equal Treatment provision.

521.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Twelve Plaintiffs would be a continuing violation of the Equal Treatment provision.

522.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

523.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

524.    The Count Twelve Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0096960751 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Twelve Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

525.     Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

526.     The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0096960751 Note.

527.     The balance of the equities tips toward the issuance of an injunction.

528.     The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

529.     The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

530.     The Equal Treatment provision of the XS0096960751 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0096960751 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## **COUNT THIRTY-TWO**
(For Breach of the Equal Treatment Provision of the XS0081057589 Note and for Injunctive Relief)

531.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Thirteen.

532.     Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

533.     The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

534.     The Republic violated the Equal Treatment provision of the XS0081057589 Note by lowering the rank of its payment obligations under the Count Thirteen Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Thirteen Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

535.     The Republic violated the Equal Treatment provision of the XS0081057589 Note by relegating the Count Thirteen Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

536.     The Republic violated the Equal Treatment provision of the XS0081057589 Note by enacting Law 26,886.

537.     The Republic violated the Equal Treatment provision of the XS0081057589 Note by enacting Law 26,984.

538.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Thirteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

539.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Thirteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

540.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Thirteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

541.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Thirteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

542.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Thirteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

543.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Thirteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

544.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

545.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

546.    The Count Thirteen Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0081057589 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Thirteen Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

547.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

548.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0081057589 Note.

549.    The balance of the equities tips toward the issuance of an injunction.

550.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

551.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

552.     The Equal Treatment provision of the XS0081057589 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0081057589 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT THIRTY-THREE
### (For Breach of the Equal Treatment Provision of the XS0070531420 Note and for Injunctive Relief)

553.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Fourteen.

554.     Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

555.     The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

556.     The Republic violated the Equal Treatment provision of the XS0070531420 Note by lowering the rank of its payment obligations under the Count Fourteen Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Fourteen Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

557. The Republic violated the Equal Treatment provision of the XS0070531420 Note by relegating the Count Fourteen Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

558. The Republic violated the Equal Treatment provision of the XS0070531420 Note by enacting Law 26,886.

559. The Republic violated the Equal Treatment provision of the XS0070531420 Note by enacting Law 26,984.

560. The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Fourteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

561. The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Fourteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

562. The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Fourteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

563. The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Fourteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

564.   The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Fourteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

565.   The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Fourteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

566.   Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

567.   The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

568.   The Count Fourteen Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0070531420 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Fourteen Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

569.   Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

570.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0070531420 Note.

571.    The balance of the equities tips toward the issuance of an injunction.

572.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

573.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

574.    The Equal Treatment provision of the XS0070531420 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0070531420 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT THIRTY-FOUR
(For Breach of the Equal Treatment Provision of the XS0084071421 Note and for Injunctive Relief)

575.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Fifteen.

576.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional,

unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

577.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

578.    The Republic violated the Equal Treatment provision of the XS0084071421 Note by lowering the rank of its payment obligations under the Count Fifteen Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Fifteen Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

579.    The Republic violated the Equal Treatment provision of the XS0084071421 Note by relegating the Count Fifteen Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

580.    The Republic violated the Equal Treatment provision of the XS0084071421 Note by enacting Law 26,886.

581.    The Republic violated the Equal Treatment provision of the XS0084071421 Note by enacting Law 26,984.

582.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Fifteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

583.     The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Fifteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

584.     The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Fifteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

585.     The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Fifteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

586.     The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Fifteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

587.     The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Fifteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

588.     Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

589.     The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

590.    The Count Fifteen Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0084071421 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Fifteen Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

591.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

592.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0084071421 Note.

593.    The balance of the equities tips toward the issuance of an injunction.

594.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

595.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

596.    The Equal Treatment provision of the XS0084071421 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive

relief is warranted for the XS0084071421 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT THIRTY-FIVE
(For Breach of the Equal Treatment Provision of the XS0098314874 Note and for Injunctive Relief)

597.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Sixteen.

598.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

599.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

600.    The Republic violated the Equal Treatment provision of the XS0098314874 Note by lowering the rank of its payment obligations under the Count Sixteen Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Sixteen Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

601.    The Republic violated the Equal Treatment provision of the XS0098314874 Note by relegating the Count Sixteen Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

602.    The   Republic   violated   the   Equal   Treatment   provision   of   the XS0098314874 Note by enacting Law 26,886.

603.    The   Republic   violated   the   Equal   Treatment   provision   of   the XS0098314874 Note by enacting Law 26,984.

604.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Sixteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

605.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Sixteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

606.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Sixteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

607.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Sixteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

608.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Sixteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

609.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Sixteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

610.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

611.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

612.    The Count Sixteen Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0098314874 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Sixteen Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

613.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

614.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0098314874 Note.

615.    The balance of the equities tips toward the issuance of an injunction.

616.     The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

617.     The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

618.     The Equal Treatment provision of the XS0098314874 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0098314874 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT THIRTY-SIX
(For Breach of the Equal Treatment Provision of the XS0113833510 Note and for Injunctive Relief)

619.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Seventeen.

620.     Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

621.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

622.    The Republic violated the Equal Treatment provision of the XS0113833510 Note by lowering the rank of its payment obligations under the Count Seventeen Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Seventeen Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

623.    The Republic violated the Equal Treatment provision of the XS0113833510 Note by relegating the Count Seventeen Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

624.    The Republic violated the Equal Treatment provision of the XS0113833510 Note by enacting Law 26,886.

625.    The Republic violated the Equal Treatment provision of the XS0113833510 Note by enacting Law 26,984.

626.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Seventeen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

627.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Seventeen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

628.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Seventeen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

629.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Seventeen Plaintiffs would be a continuing violation of the Equal Treatment provision.

630.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Seventeen Plaintiffs would be a continuing violation of the Equal Treatment provision.

631.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Seventeen Plaintiffs would be a continuing violation of the Equal Treatment provision.

632.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

633.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

634.    The Count Seventeen Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0113833510 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the

Republic to pay the Count Seventeen Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

635.     Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

636.     The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0113833510 Note.

637.     The balance of the equities tips toward the issuance of an injunction.

638.     The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

639.     The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

640.     The Equal Treatment provision of the XS0113833510 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0113833510 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT THIRTY-SEVEN

(For Breach of the Equal Treatment Provision of the XS0076397248 Note and for Injunctive Relief)

641.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Eighteen.

642.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

643.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

644.    The Republic violated the Equal Treatment provision of the XS0076397248 Note by lowering the rank of its payment obligations under the Count Eighteen Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Eighteen Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

645.    The Republic violated the Equal Treatment provision of the XS0076397248 Note by relegating the Count Eighteen Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

646.    The Republic violated the Equal Treatment provision of the XS0076397248 Note by enacting Law 26,886.

647. The Republic violated the Equal Treatment provision of the XS0076397248 Note by enacting Law 26,984.

648. The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Eighteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

649. The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Eighteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

650. The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Eighteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

651. The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Eighteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

652. The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Eighteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

653. The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Eighteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

654.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

655.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

656.    The Count Eighteen Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0076397248 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Eighteen Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

657.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

658.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0076397248 Note.

659.    The balance of the equities tips toward the issuance of an injunction.

660.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

661.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

662.    The Equal Treatment provision of the XS0076397248 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0076397248 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## COUNT THIRTY-EIGHT
(For Breach of the Equal Treatment Provision of the XS0088590863 Note and for Injunctive Relief)

663.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 herein and in Count Nineteen.

664.    Pursuant to Section 3 of the Terms and Conditions, the Republic provided that its notes issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves.  . . . The payment obligations of the Republic under the Notes and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured unsubordinated External Indebtedness . . . ."

665.    The notes issued in the Bond Exchanges and the BONAR 2024 Offerings are "External Indebtedness," as defined in the Equal Treatment provision.

666.    The Republic violated the Equal Treatment provision of the XS0088590863 Note by lowering the rank of its payment obligations under the Count Nineteen Plaintiffs' notes below that of other unsecured and unsubordinated indebtedness by relegating the Count Nineteen Plaintiffs' notes to a non-paying class pursuant to the Lock Law.

667.    The Republic violated the Equal Treatment provision of the XS0088590863 Note by relegating the Count Nineteen Plaintiffs' notes to a non-paying class pursuant to Law 26,547.

668.    The Republic violated the Equal Treatment provision of the XS0088590863 Note by enacting Law 26,886.

669.    The Republic violated the Equal Treatment provision of the XS0088590863 Note by enacting Law 26,984.

670.    The Republic's past payments of interest to the 2005 Exchange Bondholders, while paying nothing to the Count Nineteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

671.    The Republic's past payments of interest to the 2010 Exchange Bondholders, while paying nothing to the Count Nineteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

672.    The Republic's past payments of interest on the BONAR 2024 Bonds, while paying nothing to the Count Nineteen Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment provision.

673.    The Republic's continuing payments of interest to 2005 Exchange Bondholders without ratable payment to the Count Nineteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

674.    The Republic's continuing payments of interest to 2010 Exchange Bondholders without ratable payment to the Count Nineteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

675.    The Republic's continuing payments of interest on the BONAR 2024 Bonds without ratable payment to the Count Nineteen Plaintiffs would be a continuing violation of the Equal Treatment provision.

676.    Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiffs and other Non-tendering Bondholders constitutes a violation of the Equal Treatment provision.

677.    The Republic's continuing payments to the holders of External Indebtedness -- including External Indebtedness that the Republic will issue in the future -- will be a continuing violation of the Equal Treatment provision.

678.    The Count Nineteen Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment provision of the XS0088590863 Note and will continue to suffer such injury unless this Court grants a permanent injunction requiring the Republic to pay the Count Nineteen Plaintiffs ratably whenever it pays interest to Exchange Bondholders, to holders of the BONAR 2024 Bonds or to holders of any future External Indebtedness issued by the Republic.

679.    Remedies available at law are inadequate to compensate for the injuries alleged in this Count.

680.    The Republic is capable of performing its obligations pursuant to the Equal Treatment provision of the XS0088590863 Note.

681.    The balance of the equities tips toward the issuance of an injunction.

682.    The public interest would not be disserved by entry of the injunctive relief prayed for in this Complaint.

683.    The 1994 FAA's Equal Treatment provision involved in NML's pre-judgment actions similarly provides that the Republic's bonds "will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic . . . .  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

684.    The Equal Treatment provision of the XS0088590863 Note has the same force and effect as the Equal Treatment provision of the 1994 FAA and, therefore, injunctive relief is warranted for the XS0088590863 Note, of the same force and effect as granted to NML in NML's pre-judgment actions regarding the Equal Treatment provision of the 1994 FAA.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter relief and judgment in its favor and against the Defendant as follows:

i.   On Count One, awarding the Count One Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

ii.  On Count Two, awarding the Count Two Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

iii. On Count Three, awarding the Count Three Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

iv.  On Count Four, awarding the Count Four Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

v.   On Count Five, awarding the Count Five Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

vi.  On Count Six, awarding the Count Six Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

vii. On Count Seven, awarding the Count Seven Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

viii. On Count Eight, awarding the Count Eight Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

ix.  On Count Nine, awarding the Count Nine Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

x.   On Count Ten, awarding the Count Ten Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xi.    On Count Eleven, awarding the Count Eleven Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xii.   On Count Twelve, awarding the Count Twelve Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xiii.  On Count Thirteen, awarding the Count Thirteen Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xiv.   On Count Fourteen, awarding the Count Fourteen Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xv.    On Count Fifteen, awarding the Count Fifteen Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xvi.   On Count Sixteen, awarding the Count Sixteen Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xvii.  On Count Seventeen, awarding the Count Seventeen Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xviii. On Count Eighteen, awarding the Count Eighteen Plaintiffs damages against the Republic in an amount to be determined at trial, plus

interest;

xix. On Count Nineteen, awarding the Count Nineteen Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xx. On Count Twenty, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count One Plaintiffs on the XS0089277825 Note;

xxi. On Count Twenty-One, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Two Plaintiffs on the XS0084832483 Note;

xxii. On Count Twenty-Two, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Three Plaintiffs on the XS0103457585 Note;

xxiii. On Count Twenty-Three, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Four

Plaintiffs on the XS0078502399 Note;

xxiv.  On Count Twenty-Four, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Five Plaintiffs on the XS0077243730 Note;

xxv.  On Count Twenty-Five, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Six Plaintiffs on the XS0124528703 Note;

xxvi.  On Count Twenty-Six, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Seven Plaintiffs on the XS0071898349 Note;

xxvii.  On Count Twenty-Seven, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Eight Plaintiffs on the USP8055KFQ33 Note;

xxviii.  On Count Twenty-Eight, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the

BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Nine Plaintiffs on the XS0105694789 Note;

xxix.   On Count Twenty-Nine, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Ten Plaintiffs on the XS0109203298 Note;

xxx.   On Count Thirty, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Eleven Plaintiffs on the XS0080809253 Note;

xxxi.   On Count Thirty-One, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Twelve Plaintiffs on the XS0096960751 Note;

xxxii.   On Count Thirty-Two, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Thirteen Plaintiffs on the XS0081057589 Note;

xxxiii.    On Count Thirty-Three, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Fourteen Plaintiffs on the XS0070531420 Note;

xxxiv.    On Count Thirty-Four, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Fifteen Plaintiffs on the XS0084071421 Note;

xxxv.    On Count Thirty-Five, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Sixteen Plaintiffs on the XS0098314874 Note;

xxxvi.    On Count Thirty-Six, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness unless it simultaneously makes ratable payment to the Count Seventeen Plaintiffs on the XS0113833510 Note;

xxxvii.    On Count Thirty-Seven, issuing a permanent injunction enjoining the Republic from making any payments on the Exchange Bonds, the BONAR 2024 Bonds or any future issuance of External Indebtedness

unless it simultaneously makes ratable payment to the Count Eighteen

Plaintiffs on the XS0076397248 Note;

xxxviii.    On Count Thirty-Eight, issuing a permanent injunction enjoining the

Republic from making any payments on the Exchange Bonds, the

BONAR 2024 Bonds or any future issuance of External Indebtedness

unless it simultaneously makes ratable payment to the Count Nineteen

Plaintiffs on the XS0088590863 Note; and

xxxix.    On all counts, awarding each of the Plaintiffs their costs, attorneys'

fees and such other and further relief as this Court shall deem just and

proper.


Dated:  February 5, 2016
         New York, New York

/s/ Timothy B. DeSieno
Timothy B. DeSieno (TD-4316)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

-and-

Sabin Willett
Christopher L. Carter
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
(617) 951-8000

Counsel to Plaintiffs